UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| SCOTT O. CALLAHAN, ) | |
| ) | Case No. |
| Plaintiff, ) | 18-cv-389-JMH |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| FEDERAL BUREAU OF PRISONS, et ) | **& ORDER** |
| al., ) | |
| ) | |
| Defendants. ) | |

\*\*\*

Federal prisoner Scott Callahan, proceeding pro se, has moved for additional time to conduct discovery to respond to Defendants' pending motion to dismiss or, in the alternative, motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(d). [DE 21]. But Callahan has failed to demonstrate how additional fact discovery will assist him in opposing Defendants' motion since defendants claim that Callahan's claims fail as a matter of law. As such, since Callahan has failed to demonstrate how further discovery will assist him in responding to Defendants' dispositive motion, the motion for additional discovery is **DENIED**.

### I. Factual and Procedural Background

Callahan indicates that he is an artist and claims that staff members at the Federal Medical Center ("FMC") in Lexington, Kentucky are violating his constitutional rights under the First Amendment by censoring his artwork and preventing him from receiving certain pictures through the mail. [*See* DE 1].

Additionally, Callahan claims that BOP staff have prevented Callahan from access to the courts. [*See id.*]. Callahan sent requests for discovery to the government on August 23, 2018. [*See* DE 21-2, Letter from US Department of Justice].

Subsequently, the Defendants moved to dismiss Callahan's claims or, in the alternative, for summary judgment. [DE 19]. The Defendants contend that Callahan's claims must be dismissed because: (1) the Supreme Court has never recognized a *Bivens* claim under the First Amendment and a recent Supreme Court opinion questions whether Callahan may bring a First Amendment claim under *Bivens*; (2) even assuming Callahan has stated a claim upon which relief can be granted under the First Amendment, Callahan has failed to state a claim under the First Amendment; and (3) the government officials being sued are entitled to qualified immunity. [*See* DE 19].

On September 20, 2018, the same day that Defendants moved to dismiss or for summary judgment, Assistant United States Attorney Cheryl Morgan sent a letter to Callahan informing him that they had received his discovery requests but that there was no need to for defendants to engage in discovery until the court ruled on the pending dispositive motion. [*See* DE 21-2].

Pursuant to the Court's Order on September 24, 2018, Callahan is required to respond to Defendants' Motion [DE 19] on or before October 24, 2018. [DE 20]. Now, Callahan asserts that he needs

additional time to conduct fact discovery to properly respond to Defendants' motion for summary judgment.

## II. Analysis

To demonstrate that additional discovery is necessary to respond to a motion for summary judgment, a nonmovant must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The decision whether to grant a request for additional discovery lies within the trial court's discretion. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).

Here, Callahan has provided an affidavit that lists general requests for additional discovery, such as: (1) local supplements related to art work, mail handling, and administrative procedures; (2) specifics related to the factual allegations made in his complaint; (3) other instances of the same conduct by the staff at FMC Lexington; and (4) details related to Defendant Garcia's actions on the seizure of artwork, among other requests. [DE 21-1, Declaration of Scott Callahan].

These requests for discovery are extremely broad and general in nature. Complying with these discovery requests will impose administrative and financial burdens upon the government. Resolving the qualified immunity issue and determining whether Callahan may bring these claims under *Bivens* will potentially allow the government to avoid unnecessary and disruptive discovery in

this case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *Siegert v. Gilley*, 500 U.S. 226, 236 (1991).

Furthermore, Callahan has failed to specify how discovery will assist him in responding the Defendants' pending motion. Callahan makes general claims such as, "I am in need of at least initial discovery in order to have the same information that the Defendants have in this Summary Judgment setting." [DE 21-1, p. 159]. But Callahan's motion and accompanying declaration fail to demonstrate that discovery will help Callahan prove that he may bring a *Bivens* action under the First Amendment or that the FMC Lexington officials are not entitled to qualified immunity.

Ultimately, the Defendants' motion asserts that Callahan has no legal cause of action. Fact discovery will not assist Callahan in responding to the pending motion. Of course, if Defendants' pending motion to dismiss or for summary judgment is denied, Callahan will be entitled to pursue additional discovery to support his claims. For now, however, the issue before the Court is whether Callahan's claims have any legal merit.

### III. Conclusion

To succeed under Rule 56(d), Callahan must provide specified reasons why he cannot respond to the pending motion for summary judgment based on the facts currently available to him. Callahan has listed numerous broad discovery requests but a nonmovant cannot gain additional discovery by simply listing

requested information and stating that additional discovery is necessary to respond to a motion for summary judgment.

Accordingly, **IT IS ORDERED** that Plaintiff's motion for additional discovery under Fed. R. Civ. P. 56(d) is **DENIED**.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge